IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DIAN CANDELARIA,

          Plaintiff,

vs.                                   Civ. No. 03-1139 BB/ACT


TRI-RENTALS, INC., a New Mexico
corporation doing business in New Mexico
as Tri-Rentals,

          Defendant.


MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Tri-Rentals, Inc.'s Motion to Compel Arbitration and Motion to Dismiss filed November 20, 2003. Docket No 4. Defendant is seeking an order compelling Plaintiff to arbitrate her employment claims she has asserted against the Defendant. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant's Motion to Compel Arbitration is well taken but the Motion to Dismiss will be denied.

Facts.

Plaintiff filed a Complaint for Civil Rights Violations and Retaliation on September 26, 2003 alleging that Defendant retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., and a state tort claim of wrongful termination. Plaintiff signed an

1

employment agreement ("agreement") on September 30, 1996 with Tasmar, Inc.  In this agreement, Plaintiff agreed to arbitrate all her employment-related claims.  The Defendant in this matter is Tri-Rentals, Inc.

    <u>Discussion</u>.

An employee may contract away her right to litigate any and all claims against her employer in favor of arbitration.  <u>Circuit City Stores, Inc. v. Adams</u>, 532 U.S. 105 (2001); <u>Metz v. Merrill Lynch, Pierce, Fenner & Smith</u>, 39 F.3d 1482 (10th Cir. 1994).  Moreover, the Federal Arbitration Act, 9 U.S.C. §§1-16 creates a general presumption in favor of arbitration.  <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 26 (1991).  However, Plaintiff has asserted various defenses to the agreement which must be analyzed under the applicable contract law.  <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938 (1995).  There appears to be no dispute that the applicable law is the law of New Mexico.

There are two issues before the Court.  The first is whether the Defendant is a party to the agreement or is bound by the agreement.  The second is whether the agreement is invalid and unenforceable.

*Whether the Defendant is a party or bound by the agreement.*

Plaintiff asserts that she was not employed by Tasmar, Inc. but rather by the Defendant during the relevant time.  Plaintiff asserts that if there is an employment agreement, it is between the Plaintiff and Tasmar, Inc.  Thus, Plaintiff asserts she is not required to arbitrate her claims with the Defendant.  Defendant asserts that the Plaintiff " was in fact employed by Tasmar, which through names changes and mergers became Tri-Rentals, Inc., a California corporation as of August 9, 1999."  Reply, p. 3.  Defendant  attached  various  corporate  documents  showing  name  changes,  mergers,  and

incorporations and states that Plaintiff's "Employment Agreement remained intact as the document which governed her employment relation up to the time of her termination." Id.

The corporate documents demonstrate that through various corporate name changes and mergers, Tasmar, Inc. is in fact Tri-Rentals, Inc., Plaintiff's employer  The Plaintiff signed the agreement on September 30, 1966.  On October 7, 1996,  Tasmar, Inc. changed its name to Tri-Rentals, Inc., an Arizona corporation.  There is no significance to the corporation's change of name. See Siemens Medical Solutions Health Services Corp. v. Carmelengo, 167 F. Supp. 2d 752 (E. Pa. 2001).  Again, on July 30, 1999, Tri-Rentals, Inc., an Arizona corporation, changed its name to Tri-Rentals Arizona, Inc., an Arizona corporation.  On August 9, 1999, Tri-Rentals, Inc. merged with Tri-Rentals, Inc., a California corporation, which was initially formed on May 25, 1999.  Tri-Rentals, Inc., a California corporation, was the surviving entity.  The merger agreement states:

> "Upon such merger, the separate existence of Tri-Arizona ceases and Tri-California shall succeed, without other transfer, to all the rights and property of Tri-Arizona and shall be subject to all the debts and liabilities thereof in the same manner as if Tri-California had itself incurred them."  Exhibit F, Defendant's Reply brief.

Thus, Tri-Rentals, Inc., a California corporation is the Plaintiff's employer.  Following the August 9, 1999 merger, Tri-Rentals, Inc.  applied on August 13, 1999 to do business in New Mexico.

*Whether the agreement is void and enforceable.*

Plaintiff asserts several contract theories that even if she is bound by the agreement, it is invalid and enforceable.  Plaintiff contends that the agreement is a contract of adhesion; she was under duress when she signed; the agreement is unconscionable; there is a lack of consideration and the agreement contains a misrepresentation.  In analyzing these defenses the Court looks to the

3

substantive state law on contracts.  Dumais v. American Golf Corp., 150 F. Supp. 2d 1182, 1190 (D.N.M. 2001) aff'd Dumais v. American Golf Corp., 299 F.3d 1216 (2002).

To prove that this contract is one of adhesion, Plaintiff must show that: 1) the contract is a form/standardized contract prepared by one party for the acceptance of the other; 2) the party proffering the contract must enjoy superior bargaining power such that the weaker party "virtually cannot avoid" doing business under the particular contract terms; and 3) the contract was offered on a "take-it-or-leave-it basis" without opportunity for bargaining.  Guthmann v. La Vida Llena, 103 N.M. 506, 509, 709 P.2d 675, 678 (1985).  The agreement at issue is a form.  Plaintiff offers no evidence showing she "virtually [could not] avoid" agreeing to the terms of the agreement.  She has not shown that the Defendant "monopolized the relevant geographic market or ...all the competitors of the dominant party use essentially the same contract terms."  Id. at 510, 709 P.2d at 679.  As to the third element, Plaintiff asserts in her affidavit that she was told to sign the agreement immediately if she wanted to keep her job.  However, she did not assert or present  evidence that she objected to the arbitration provision, that she had reason to object to it or that she was not satisfied with it at the time.  Id.  In fact, Plaintiff's affidavit states that she signed the agreement without reading it.    A party who executes a written contract with another is presumed to know the terms of the agreement and to have agreed to each of its provisions in the absence of fraud, misrepresentation or other wrongful act of the contracting party,  Dumais 150 F. Supp. 2d at 1190.

Moreover, an adhesion contract is not per se unenforceable.  Guthmann, 130 N.M. at 509, 709 P.2d at 678.   An adhesion contract becomes unenforceable only when the contract is unconscionable.  Unconscionability has both a procedural and substantive element.  Procedural unconscionability refers to the circumstances surround the contract formation.  As discussed above,

4

the circumstances surround the signing of this contract are not unconscionable.  Substantive unconscionability is concerned with contract terms that are illegal, contrary to public policy, or grossly unfair.  Id. at 510, 709 P.2d at  679. The threshold for unconscionability is very high, as the "terms must be such as, 'no man in his senses and not under delusion would make on the one had, and..no honest and fair man would accept on the other.'"  Id. at 511, 709 P.2d  at 680.  The terms of the contract at issue do not rise to the level of unconscionability.

Plaintiff also asserts that the defense of duress voids this agreement. However, she makes no argument or submits no evidence to support her claim.  Under New Mexico law, "duress" requires that a person be coerced into a transaction by the wrongful act of another.  Richards v. Allianz Life Ins. Co. of N. America, 133 N.M. 229, 62 P.3d 320 (Ct. App. 2002).  "The fundamental issue in duress cases is whether the statement which induced the agreement is the type of offer to deal that the law should discourage as oppressive and thus improper." Id.  Plaintiff has offered no such evidence.

Next Plaintiff asserts that misrepresentation concerning Plaintiff's employer voids the agreement.  Specifically Plaintiff claims that the agreement was with Tasmar, Inc. but Tasmar, Inc. did not employ the Plaintiff.  As discussed above, the facts do not support Plaintiff's assertion of misrepresentation.

Finally, Plaintiff asserts that the agreement is unenforceable for lack of consideration. Defendant contends that it sought Plaintiff's agreement to arbitrate in exchange for its promise to employ her.  This is sufficient consideration. Richards, 133 N.M. at 234, 235, 62 P.2d 326 ("the continuation of the relationship formed the requisite consideration").

Thus, the Court will grant Defendant's Motion to Compel Arbitration.  However, the Court

will stay rather than dismiss the matter as the parties may seek post-arbitration remedies

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Arbitration and Motion to Dismiss is granted in part and that Plaintiff must submit her employment claims to binding arbitration and this matter will be stayed pending the outcome of the arbitration

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**